FILED & JUDGMENT ENTERED
David E. Weich

Oct 07 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) Case No. 09-11109 |
| **ALLEN LEWIS ROBINSON,** | ) Chapter 7 |
|  | ) |
| Debtor. | ) |
|  | ) |

**ORDER REGARDING NOTICE OF APPEAL**

This matter is before the court on the *pro se* debtor's filing entitled "Notice of Appeal to United States Court of Appeals for the Fourth Circuit." The court will treat the debtor's Notice of Appeal as a request for certification for direct appeal to the United States Court of Appeals for the Fourth Circuit. For the reasons stated below, the court finds that the request for certification should be denied. The court will docket the debtor's filing as a notice of appeal to the United States District Court for the Western District of North Carolina.

1.   On September 13, 2010, the debtor filed his third motion to dismiss this bankruptcy proceeding.  The court conducted a hearing on the debtor's motion to dismiss on September 22, 2010, and announced its decision to deny the debtor's motion at that hearing.  The court entered an Order Denying Motion to Dismiss on October 4, 2010, and an Amended Order Denying Motion to Dismiss Case on October 5, 2010.  Before those Orders were entered, the debtor filed his Notice of Appeal to United States Court of Appeals for the Fourth Circuit on October 1, 2010.

2.   As of the date of the entry of this Order, the case is pending in this court because it has not been docketed with the District Court pursuant to Federal Rule of Bankruptcy Procedure 8007(b).  See Fed. R. Bankr. P. 8001(f)(2) ("A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3).").  Accordingly, this court has jurisdiction to consider the debtor's request for certification pursuant to Bankruptcy Rule 8001(f)(2)(A)(i) which provides that "[o]nly a bankruptcy court may make a certification on request or on its own initiative while the matter is pending in the bankruptcy court."

2

3. Having determined that this court has jurisdiction to make the certification, the court will consider the debtor's request for certification. Section 158(d)(2)(B) of Title 28 of the United States Code provides that if the court before which the matter is pending determines that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i), (ii), or (iii) exists, it should certify the matter for direct appeal. Section 158(d)(2)(A)(i) – (iii), in turn, provide as follows:

> (i) the . . . order . . . involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the . . . order . . . involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the . . . order . . . may materially advance the progress of the case or proceeding in which the appeal is taken.

See 28 U.S.C. § 158(d)(2)(A).

4. In addition, Bankruptcy Rule 8001(f)(3)(C) specifies that a request for certification should include the following:

> (i) the facts necessary to understand the question presented;
>
> (ii) the question itself;
>
> (iii) the relief sought;
>
> (iv) the reasons why the appeal should be allowed and is authorized by statute or rule, including why a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists; and

>     (v) an attached copy of the judgment, order, or decree complained of and any related opinion or memorandum.

See Fed. R. Bankr. P. 8001(f)(3)(C).

5. The court finds that the debtor's request for certification does not comply with Bankruptcy Rule 8001(f)(3)(C) in any respect and should be denied for that reason. It simply indicates that the debtor seeks to appeal directly to the United States Court of Appeals for the Fourth Circuit the "[d]enial of Motion to Dismiss Involuntary Chapter 7" and lists the debtor's name and address. See In re Dutkiewicz, 403 B.R. 472 (B.A.P. 6th Cir. 2009) (holding that debtor's motion for certification should be denied for failure to comply with Rule 8001(f)(3)(C), including her failure to include any facts or a copy of the bankruptcy court's memorandum of decision).

6. Even if the request did comply with Rule 8001(f), it does not meet the requirements of 28 U.S.C. § 158(d). Specifically, the request does not explain why a direct appeal to the Fourth Circuit should be allowed and is authorized by 28 U.S.C. § 158(d)(2)(A)(i)-(iii). It does not appear to this court that there is anything extraordinary or remarkable about this case that justifies a direct appeal to the Fourth Circuit. For the foregoing reasons, the court finds that the debtor's request for certification must be **DENIED.**

4

7.   Having denied the debtor's request for certification, the court must determine how it should treat the debtor's Notice of Appeal to United States Court of Appeals for the Fourth Circuit.  Typically, a party would file a notice of appeal from a bankruptcy court order and file separately a request for certification for direct appeal.  In this case, the notice filed by the debtor is essentially a combination of those two documents.  Thus, in order to preserve the debtor's right to a timely appeal of this court's October 5, 2010, Amended Order Denying Motion to Dismiss Case, the court will also treat the debtor's October 1, 2010, filing as a notice of appeal.

8.   Pursuant to Bankruptcy Rule 8002(a), a notice of appeal shall be filed within 14 days of the date of the entry of an order.  In the event a notice of appeal is filed after the announcement of a decision but before entry of the order, as in this case, the notice of appeal shall be treated as filed after entry of the order and on the date thereof.  See Bankruptcy Rule 8002(a).  Therefore, the court will treat the notice of appeal in this case as having been filed on October 5, 2010.

9.   Because of confusion caused by the caption of the debtor's filing, the Bankruptcy Clerk's office charged and received only the $200 fee required for a direct appeal.  The fee required for filing a notice of appeal is $255.  Consequently, the debtor is short of paying the filing fee for a

notice of appeal by $55. The court will extend the deadline for the debtor to pay the balance of the notice of appeal filing fee to 14 days from the date of the entry of this order.

It is therefore **ORDERED** that:

1.  The debtor's request for certification of direct appeal to the United States Court of Appeals for the Fourth Circuit is denied;

2.  The debtor's "Notice of Appeal to United States Court of Appeals for the Fourth Circuit" is deemed a notice of appeal to the United States District Court for the Western District of North Carolina; and

3.  The deadline for paying the balance of the filing fee for a notice of appeal is extended to 14 days following the date of the entry of this order.

**This Order has been signed electronically.**     **United States Bankruptcy Court**
**The Judge's signature and Court's seal**
**appear at the top of the Order.**